Darlene Lucchesi, Appellant in Pro Se, Joseph Del Motte, Counsel for Appley U.S. Bank, N.A. I'd also like to point to the record where the deed of trust is. In Appley's excerpts, the deed of trust is at page 68 and 69, section 22. And the original note is at page 50 and 53 for the terms of the note and the deed. So that acceleration fixed the date of performance. And the same record further shows that no extension or preservation of any lien was recorded. And the notice of default recorded on February 5, 2024. That was on a different property on the property where I live. The other bankruptcy had to do with a different property altogether. So the notice of default that came in and recorded February 5, 2024, that caused me to file this bankruptcy, those exhibits A, B, and C are in docket 40 and docket 30. And also the accelerated note that's recorded now in the county recorders. These facts were before the court but were never analyzed. Also to say the bankruptcy discharge was June 15, 2015. No reaffirmation and no new agreement. So the ongoing harm that this order has caused is that they're using this to assert that a debt and a judgment, and they recorded it in the county recorders and are now claiming a debt and that the lien is enforceable under that NRAM order. And so the bankruptcy court never analyzed the acceleration clause of the deed of trust. So no extension was ever recorded as per the Marketable Records Title Act, CCP 360.5. And without an enforceable right in the record, the order should never have been granted and cannot stand. So that would be my time to save for questions. I have just one for you, and you've probably heard this more than once. Relief from Stay is a uniquely summary proceeding. Under NRAVEEL, which is a decision by one of our predecessors here, the Bankruptcy Appellate Panel, many years ago, all you need for most standing questions like this is a colorable claim. And what the cases tell us is we do not, at Relief from Stay, get into arcane questions about enforceability of a debt and so on. You can do that in state court. In fact, you've done that in other courts and gotten answers to that. So why was it a mistake for the bankruptcy court here not to get into the questions that you're suggesting they should have? Well, I filed a bankruptcy because I was actually cornered to file it, pressured. And when I filed it, I thought I could just do a typical what I believe the bankruptcy would have offered, to object to the claim, to just get rid of this finally and have it be gone. Did somebody tell you you can't do that? Yes, because I keep getting dismissed as soon as I walk in. As soon as I say I don't have the debt, it seems like it throws everything off. Well, take that back to the Relief from Stay argument. Okay. Tell me why the bankruptcy judge was required to rule on your arguments about enforceability of the debt in the context of a Relief from Stay motion. When they have documents, they present the documents as evidence, the judge looks at them, the judge says that's a colorable claim. Many cases tell us that's all you do at that stage. If you have other arguments, I mean, seriously, you can preserve them any way you want. But at Relief from Stay, it's not terribly relevant. So help me out on that part. Well, the Relief from Stay said that they were a creditor and they're not – they lack standing as well. So they can't be a creditor to gain Relief of Stay when they didn't have any – there's not even an assignment from the deed of trust from the creditor, from the original creditor, to any parties that later are now claiming. There was a break a long time ago, and because of the earlier break, they just started restating and stating that I owed the debt again and I owed, and they confused the discharge order as if that was the reason. When absent the discharge in the first place, the time already ran and nobody preserved their right. So there was no right to enforce and pressure me into filing anything, but I had to enter the court somewhere. So I had called an attorney and hired attorneys. But the motion for Relief from Stay now is harming because it's now recorded as if it was a determination or a judgment for a debt. It's not standing the way even the judge below said that it would, that it wouldn't cause harm. But it's absolutely causing the harm because it's recorded, and it's recorded as a debt, and it's recorded and now they're threatening a sale again. Okay. I don't have any other questions at the moment. Anybody else? No. You want to reserve the rest of your time? You've got eight minutes plus. Okay. And then if I could ask one other mistake. There's two mistakes that the court relied on dismissing and for granting is that- So you're going to keep arguing now? Okay. Yes. For the mistake part of it, that he believed I was in bad faith because he thought this was a property that had been before stopped by a bankruptcy, and that's also not true. And so in that light of that, in the reporter's transcript, it shows there as well. Sorry, where's my notes? It shows that on page 30 and 31, and that has to do with the date of the hearing, which was November 21st, 2024. So that was a mistake because that wasn't- So I only just filed the bankruptcy first time for the property. So that's another- Okay. All right. Thank you very much. Okay. If you want to reserve. Yes, I'll reserve all the time left. Thank you. Good morning, Your Honors. Joseph Delmont, counsel for Appelli, U.S. Bank as trustee. May it please the court. Your Honors, as you noted at the outset, you're sufficiently familiar with the briefs. I don't believe Appellant has raised any arguments that were not already thoroughly analyzed in our brief and addressed therein. So I'm just going to make a few quick points, and I'll reserve the rest of my time to answer any questions you might have. The first is that Appellant's primary argument rests on a misinterpretation of the applicable law. There's multiple references to the California Civil Code Section 882.020. The case law and statute itself are clear that the recording of a notice of default or letter of acceleration does not change the maturity date for purposes of determining the expiration of the period in which you can enforce the power of sale provisions of the deed of trust. However, as the court pointed out, that's not even relevant if the bankruptcy court relied solely on the fact that this is a summary proceeding. So it could have stopped just there, which I believe it mostly did. Determined that this was a summary proceeding, all that Appellant needed to show was a colorable claim, which it did by virtue of its status as the assignee of the deed of trust with the power to enforce the power of sale provisions in the deed of trust, which is property of the estate. Regarding the mistakes Appellant mentioned that warranted vacating the interim order, I think it was reasonable for the court to conclude that based on the five prior filings and dismissals, that there was in fact cause to grant both relief under 362D1 and 362D4 based on a bad faith scheme. I believe our brief adequately addresses all of the other issues, so if the panel has any questions, I'd be happy to answer them. I mean, I would just ask you to confirm something.  Which is that I think it was pointed out in the briefs and maybe also in front of the bankruptcy judge that the debtor's arguments about acceleration and non-enforceability have been raised elsewhere, right? They have been raised elsewhere. And they've been determined elsewhere. And rejected there. By perfectly nice state court judges who know how to do that. Okay. Right. Okay, thank you. All right, and then just to confirm that the debtor raised, sorry, the Appellant raised an argument today that this property somehow wasn't involved in the other bankruptcy cases. Can you address that? I would ask Appellant to address that argument in further detail. I believe it was property of the estate in the prior bankruptcy filings. It was listed in the schedules. It was listed as a residence. So there was nothing to suggest that it wasn't property of the estate in the prior cases. And something that would have prevented our client from pursuing their foreclosure remedies based on that bankruptcy filing. I have no other questions.  Thank you. Thank you very much. Thank you. I'd like to speak to those three issues. To first speak to the in-state. The state I filed once, 2018. In 2020, there was a judgment for the issues that belonged to 2012 time period. Not the new facts and the new timeline. At that time, when the case came out in 2022 from the Appellant, it relied upon the earlier time frame. Not yet 10 years were recorded in the county recorders at that time. So that is very distinct because there's new facts that occurred when they came in with the 2024 notice of default. That's new facts. Now, the other new facts also is the proof of claim that brought in another forged note. The forged note is not recorded. They have a loan modification that they took a one-page addendum and used that for a new principal amount that's not recorded. That's in the record as well. And then also with the acceleration was finally recorded if it was going to make a difference. But the real issue was there's no extension recorded. So the state court has not finalized a determination right now. And I'm in a case right now that I had to file. So that's not finalized. Secondly, on their claiming assignment, they didn't have an assignment. The notice of default that was filed originally with Countrywide as the lender was a notice of default in 2008 after the acceleration. That acceleration is the only acceleration. They haven't disputed that there's any dispute with the acceleration. They agree that the note was accelerated. So the issue is the 2008 notice of default only had the lender Countrywide Home Loans. The merger that they claim later on, the successor by LaSalle, there's no assignment to LaSalle. There's no link. Bank of America said they've never been lender. I have an order, but it didn't get to the other order of the other court before. It was with Federal Judge Guilford. We were there for a short time, and he also determined there was no objections. At that time, it was Bank of America. So before the 2012 timeframe, from the 2012 to 2013, transferred to SLS. So there is no proper assignment. Now, the LaSalle assignment, I think that, let's see, he talked about the LaSalle. He talked about the notice of default. Oh, and the fact, no, the history was in 2015, I filed a bankruptcy, the discharge, which I actually had assets. I probably shouldn't have been in a 7. Nonetheless, I was pressured. 2016, I hired two attorneys back-to-back, still in good faith. Judge Brand even said I was in good faith. You can refile an 11. My attorneys were incompetent. We had a hearing about it. So all the way seven years later, in 2022, on my other property only, that's what it was about. It was not about this property. I filed to stop that sale, which was also time-barred. But nonetheless, that's not before the court. That's the case that I filed back-to-back. Judge Brand dismissed it believing that Judge Huell made a determination by a motion to dismiss, but that's not the reason he dismissed it. She thought that he dismissed it because I was in bad faith. He didn't say I was in bad faith when he dismissed it immediately, two months in. So that was carried forward. Now I file the first time. They file the notice of default in February 2024. I file the first time to stop this sale on this property where I live, and that was in September 2024. So I did not. He just assumed all of this, but that was not the events. Thank you for clarifying. If I can help clarify anything else. Not for me. Anything further?  Thank you. Thank you. Okay, the matter is submitted. We'll get your written decision as soon as we can. Thank you.
judges: Lafferty, Corbit, and Niemann